```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Harlee Silas,                                    :
                                                 :
                    Plaintiff,                   :
                                                 :         ORDER
         -against-                               :         14-CV-2265 (JFB) (AYS)
                                                 :
COUNTY OF NASSAU, et al.                         :
                                                 :
                    Defendants.                  :
------------------------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis*, requests that the Court provide him assistance of counsel in the instant action. For the reasons set forth below, plaintiff's application for appointment of counsel is denied at this juncture.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171–72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard. *See Brooks v. State of New York*, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy

*Hodge*'s required threshold showing of likely merit).

The Court has reviewed plaintiff's application and finds that counsel is warranted at this stage of the litigation because plaintiff has satisfied the threshold requirement of *Hodge*, 802 F.2d at 61. Moreover, the Court concludes—after considering the above referenced *Hodge* factors in the context of plaintiff's application and complaint—at this juncture in the litigation that the assistance of counsel is warranted. For example, given the factual and legal complexities that may arise in the context of this deliberate medical indifference claim (including discovery issues), and given the difficulty the pro se plaintiff experienced in drafting the complaint, it is clear in this particular case that plaintiff would benefit from the assistance of counsel in investigating the facts and presenting his legal claims to the Court.

Accordingly, plaintiff's application for assistance of counsel is granted.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:    November 22, 2016
         Central Islip, New York